UNITED DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Larry Young,
    Plaintiff,

v.                                                             05-1329

Guy Pierce, et al.,
      Defendants.

ORDER

The plaintiff filed a notice of appeal [12] on February 2, 2006. On February 21, 2006, the Seventh Circuit Court of Appeal transferred the plaintiff's petition for leave to proceed on appeal in forma pauperis [d/e 16]. Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). The court cannot find a good faith basis for his appeal. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), where the court held that an appeal from a dismissal for frivolousness cannot be in good faith. For the reasons stated in its January 24, 2006, the court finds that this action does not raise a substantial issue meriting relief from judgment.

In the court's January 24, 2006 order, the court noted that 28 U.S.C. § 1915(g) states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury." Further, the court noted that the plaintiff had earned three strikes in this district before this court See the court's January 24, 2006 order for specifics. Further, the court noted that "[t]he 'imminent danger' exception to Section 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat is real and proximate.'" *Heimermann v. Litxcher*, 337 F.3d 781 (7th Cir. 2003). The court also noted that there was nothing in the plaintiff's complaint where an inference could be drawn that those conditions existed.

The plaintiff was advised that as he could not proceed *in forma pauperis*, he must pay the full filing fee up front in order to continue with this case or his case will be dismissed. Further, the plaintiff was advised that the Prison Litigation Reform Act requires that all prisoners bringing civil actions to pay the full amount of the filing fee, even if the case is dismissed. 28 U.S.C.A. §1915(b)(1). Further, the plaintiff was advised that the $250 filing fee must therefore be assessed against the plaintiff's trust account pursuant to 28 U.S.C. Section 1915(b)(1), if he does not make the payment himself.

In accordance with *Celske v. Edwards*, 164 F.3d 396 (7th Cir. 1999), the plaintiff was

provided an opportunity to submit a statement of his grounds for appeal.  This court has reviewed the plaintiff's brief [20].  A plaintiff that identifies issues that are debatable among jurists, or that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further, demonstrates a good faith basis for an appeal.  *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998).  The plaintiff has not identified any such issues.  As a result, this court cannot find a good faith basis for appeal.  In sum, this court must deny the plaintiff's motion for leave to proceed in forma pauperis and certify, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis but must pay the appellate fee of $250.00 within 14 days.  *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).  If plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order.  See Fed.R.App.P. 24(a).

Accordingly, the court enters the following orders:

1. The plaintiff's motion for leave to proceed in forma pauperis is denied [16].  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith [12].
2. The plaintiff is ordered to remit to the clerk of the court the $255.00 appellate fee within 14 days of the date of this order.  The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.  The obligation to make full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  The plaintiff is under a continuing obligation to inform the clerk of this court in writing of any change of address within seven days of the change.
3. The clerk of the court is directed to mail a copy of this order to the Seventh Circuit United States Court of Appeal.

Enter this 17th day of November  2006.

/s Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE